UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:14CR228(JBA) |
| | : | |
| v. | : | |
| | : | |
| JASON CALABRESE | : | September 25, 2015 |

UNITED STATES OF AMERICA'S OPPOSITION TO
DEFENDANT'S MOTION TO REDUCE SENTENCE

The United States of America ("United States") hereby opposes defendant Jason Calabrese's Motion to Reduce Sentence.

Background

Defendant Calabrese pled guilty to Count One of the indictment, charging bank fraud conspiracy, 18 U.S.C. § 1849, and alleging that Calabrese and others prepared and submitted three, separate fraudulent mortgage loan application from November 2005 through July 2007, all on behalf of the same borrower and co-conspirator, Thomas Provenzano. Calabrese was the mortgage broker who submitted the fraudulent mortgage applications to the lending banks that issued each of the three loans.

The first Presentence Investigation Report ("PSR") included in the sentencing guidelines calculation, a two-level enhancement under section 3B1.3 for "use of a special skill." In the parties' subsequent comments on the PSR, in the parties' respective sentencing memos, and during the sentencing hearing, the defendant objected to and argued against that enhancement, while the government argued for its applicability. The Court found that it applied.

Although the defendant received a non-guideline sentence that reduced his sentencing range below the bottom of the range that would have resulted without the special skill

enhancement, the defendant now moves under Rule 35 to reduce his sentence further, based on the claim that the Court erroneously applied the special skill enhancement in calculating the applicable guidelines range. Defendant's argument rests on the claim that he cannot be deemed to have possessed a "special skill" relating to his work as a mortgage broker, because at all times during the alleged conspiracy, he was "only" a registered loan officer, and neither was a licensed mortgage broker, nor had taken any formal education or course-work relating to mortgage lending.

Argument

The defendant's motion cannot and should not be granted, for three reasons: (1) the Court lacks jurisdiction to act on it, now that more than fourteen days have elapsed since sentencing; (2) even if the Court had jurisdiction, a challenge to a discretionary judgment about the applicability of a guideline enhancement is not cognizable under Rule 35(a); and (3) on the merits, the Court's application of the special skill enhancement is supported by the pertinent case law.

1. <u>The Court Lacks Jurisdiction.</u>

Fed. R. Crim. P. Rule 35 provides in pertinent part:

> (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

For purposes of calculating that deadline, Rule 35(c) provides that "[a]s used in this rule, 'sentencing' means the oral announcement of the sentence." This deadline has been held to be jurisdictional. *See United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995) (deadline in Rule 35(a) "is jurisdictional"); *United States v. Sarvestani*, 297 F.R.D. 228, 229-30 (S.D.N.Y. 2014) (same). "Accordingly, a district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, *even* where the motion seeking relief is

timely filed." *Id. (emphasis added). See also United States v. Higgs,* 504 F.3d 456, 458–59 (3d Cir.2007) (same); *United States v. Werber,* 51 F.3d 342, 348 (2d Cir.1995) (same, under former, seven-day deadline rule).

Defendant Calabrese was sentenced on September 8, 2015. He filed his Rule 35 motion on September 22, 2015, the fourteenth day after sentencing. As of September 23, 2015, the Court lacks jurisdiction to act on defendant Calabrese's motion.

2. <u>Defendant's Claim Is Not Cognizable Under Rule 35</u>.

The 1991 advisory committee notes to Rule 35 provide in pertinent part:

> Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

In other words, discretionary decisions about whether a particular sentencing guideline enhancement applies is *not* the type of alleged error that is cognizable under Rule 35(a). *See United States v. Phillips*, 597 F.3d 1190, 1201 (11th Cir. 2010). Accordingly, even if the Court had jurisdiction to act on defendant's Rule 35 Motion, his claim is not of a kind that is cognizable here.

3. The Court's Application of the Special Skill Enhancement Comports with Pertinent Case Law

Further, even if both (1) the Court did have jurisdiction to act on the Rule 35 Motion, and (2) the claim were cognizable under the Rule, it would fail on the merits because the Court correctly applied the section 3B1.3 special skill enhancement. As noted above, defendant's argument is that his mortgage brokering work at the time of the 2005-2007 conspiracy cannot be deemed a "special skill" within the meaning of 3B1.3, because he neither was licensed as a

mortgage broker, nor had received any formal educational course-work in that professional specialty. But the pertinent cases do not limit the applicability of the special skill enhancement in this way. Comment 3 to section 3B1.3 states:

> "Special skill" refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts.

As the Second Circuit Court of Appeals has held, the words of the comment make clear that education, training, and licensing are *not always* necessary to find that a defendant utilized a special skill to carry out a crime:

> A special skill is one "*usually* requiring substantial education, training, or licensing." See U.S.S.G. § 3B1.3, comment. (n. 2) (emphasis added). Because the comment adds the word "usually," we find no basis for limiting the increase to only those with formal educations or professional skills.

*United States v. Spencer*, 4 F.3d 115, 120 (2d Cir. 1993) (finding that "self-taught amateur" used special skill in chemistry to make methamphetamine). *See also United States v. Berry*, 717 F.3d 823, 834-35 (10th Cir. 2013) ("[A] defendant need not complete formalized educational or licensing requirements to possess a special skill; it can also come from experience or self-teaching."); *United States v. Batista De La Cruz*, 460 F.3d 466, 468 (3d Cir. 2006) ("Special skills are not . . . limited to those obtained through formal education, training, or licensing. Special skills may be obtained through life experience and self-study."); *United States v. Calderon*, 127 F.3d 1314, 1339-40 (11th Cir. 1997) (finding that piloting ship on high seas to facilitate drug importation conspiracy involves "special skill"; rejecting argument that no special skill is required where one could "obtain a [ship pilot's] license after a few weeks training"); *United States v. Petersen*, 98 F.3d 502, 506-07 (9th Cir. 1996) ("Despite [defendant]'s lack of formal training or licensing, his sophisticated computer skills reasonably can be equated to the

skills possessed by pilots, lawyers, chemists, and demolition experts for purposes of § 3B1.3.");

*United States v. Lavin*, 27 F.3d 40, 41 (2d Cir. 1994) (defendant who stole cash from automatic teller machines by installing electronic equipment in them found to have special skill, despite having "no special training in electronics"); *United States v. Malgoza*, 2 F.3d 1107, 1110 (11th Cir. 1993) (applying special skills enhancement to defendant who used "advanced level of radio operating ability" to facilitate narcotics imports from South America).

<u>Conclusion</u>

WHEREFORE, the Court should deny defendant's Motion to Reduce Sentence.

Respectfully submitted

DEIRDRE M. DALY
UNITED STATES ATTORNEY

HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct24829
157 Church Street, 23d Floor
New Haven, CT 06510
(203) 821-3700

CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2015, I filed a copy of foregoing pleading and caused copies of same to be served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Copies of the foregoing pleading have also been sent this same day by E-mail to counsel for defendant Jason Calabrese, Aaron J. Romano, Esq., at AaronRomano@AttorneyAaronRomano.com.

Assistant U.S. Attorney