UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES, | |
|---|---|
| *Plaintiff*, | Civil No. 3:14cr228 (JBA) |
| *v.* | |
| JASON CALABRESE, | |
| *Defendant*. | November 24, 2015 |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Jason Calabrese brings [Doc. # 175] this Motion to Reduce Sentence pursuant to Federal Rule of Criminal Procedure 35. Mr. Calabrese alleges that the Court wrongly applied a two-level sentence enhancement pursuant to Section 3B1.3 of the Sentencing Guideline, because Mr. Calabrese was not a licensed mortgage broker at the time of the offense. The Government opposes [Doc. # 182] Mr. Calabrese's motion on three grounds: first, the Court lacks jurisdiction to act on the motion as fourteen days have elapsed since the sentencing; second, even if jurisdiction existed, a challenge to a discretionary judgment is not cognizable under Rule 35; and third, on the merits, the Court's application of a special skill enhancement is supported by the pertinent case law. (Gov't's Opp'n at 2.) For the following reasons, Mr. Calabrese's motion is denied.

Under Federal Rule of Criminal Procedure 35(a), the Court may "correct an arithmetical, technical, or other clear error within 14 days after sentencing." Fed. R. Crim. P. 35(a). The Second Circuit has described the 14-day requirement as jurisdictional. *See United States v. Abreu–Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995) ("We have held, as have

several other circuits, that the [fourteen day[1]] period provided for in Rule 35(c) is jurisdictional."); *see also United States v. Sarvestani*, 297 F.R.D. 228, 229 (S.D.N.Y. 2014) ("[A] district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, even where the motion seeking relief is timely filed."). This strict 14 day requirement inextricably relates to the types of errors Rule 35 contemplates: namely, "arithmetical, technical, or other clear error[s]"—which is to say, obvious errors that could be resolved by the court quickly, without extensive briefing, and even *sua sponte*. *See Abreu-Cabrera*, 64 F.3d at 72 ("The rule[] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." (internal quotation marks omitted)).

Mr. Calabrese filed his motion on September 22, 2015, or the fourteenth day after the "oral announcement of the sentence." Fed. R. Crim. P. 35(c). Rather than asking the Court to fix an obvious error, Mr. Calabrese asks the Court to reconsider its decision to impose a two-level enhancement under section 3B1.3. Such a request cannot be characterized as an "arithmetical or technical error" or "other clear error." *See e.g.*, *Abreu-Cabrera*, 64 F.3d at 72 (stressing that the rule is "not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence").

---

[1] The Advisory Committee expanded the time limit from seven days to fourteen in 2009 to account for the increased complexity of the sentencing process. Moreover, under the 2002 amendments, subdivision (c) became subdivision (a).

Nor can a court grant a Rule 35 motion months after the fourteen-day deadline has passed.

Therefore, the Court agrees with the Government that Mr. Calabrese's request exceeds the scope of Rule 35 and that the Court's jurisdiction to decide Mr. Calabrese's Motion lapsed the day after he filed his Motion. For the foregoing reasons, Mr. Calabrese's Motion to Reduce Sentence [Doc. # 175] is denied.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of November 2015.