**AARON J. ROMANO, P.C.**
**BY: Aaron J. Romano, Esquire**
Bar Id.: 20100
55 Woodland Avenue
Bloomfield, CT 06002
Tel: (860) 286-9026
_____

**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF CONNECTICUT**

| | | |
|---|---|---|
| UNTED STATES OF AMERICA | : | DOCKET NO.: 3:14cr228(JBA) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON CALABRESE | : | DECEMBER 18, 2015 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR CONTINUED RELEASE PENDING APPEAL**

Defendant Jason Calabrese, through counsel, respectfully moves pursuant to 18

U.S.C. §3143 (b) for continued release pending appeal.  **Counsel for the Government**

**has no objection to this Motion.**  In support thereof, Mr. Calabrese respectfully avers as

follows:

**I.      FACTS AND PROCEDURAL HISTORY**

On November 20, 2014, a grand jury returned an indictment whereby the

Defendant-Appellant, Jason Calabrese, was charged with Conspiracy to Commit Bank

Fraud, in violation of 18 U.S.C. §1349. USA v. Calabrese, Docket No. 3:14-cr-228(JBA),

[Doc. #1].  The indictment alleged that Mr. Calabrese, along with co-defendant Ryan

Geddes and Thomas Provenzano[1] conspired to obtain and refinance, by means of false loan applications, a series of three mortgage loans.

On May 5, 2015, Mr. Calabrese plead guilty to Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §1349. <u>USA v. Calabrese</u>, Docket No. 3:14-cr-228(JBA), [Doc. #100]. On September 8, 2015, Mr. Calabrese was sentenced by the Court (Arterton, U.S.D.J.) to six (6) months of incarceration, two (2) years of supervised release, three (3) months of home confinement with electronic monitoring, one hundred (100) hours of community service, a one hundred dollar ($100.00) Special Assessment, a three thousand dollar ($3,000.00) fine, and restitution in the amount of $400,585.84, jointly and severally with his co-defendants.[2] <u>N.T. 9/8/15 at 69-70</u>. On September 23, 2015, Judgment entered on the same. <u>USA v. Calabrese</u>, Docket No. 3:14-cr-228(JBA), [Doc. #176].

On September 23, 2015, Mr. Calabrese filed his Notice of Appeal, <u>USA v. Calabrese</u>, Docket No. 3:14-cr-228(JBA), [Doc. #177]. As he did at the time of sentencing, Mr. Calabrese is contesting the application of the special skill enhancement, USSG §3B1.3. Mr. Calabrese now respectfully requests that this Court grant him continued release during the pendency of his appeal.

## II.   ARGUMENT

According to 18 U.S.C. §3143(b), if "the judicial officer finds--

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

---

[1] <u>USA v. Provenzano</u>, Docket No. 3:14-cr-002(JBA).

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–

(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence."

"While this burden is plainly substantial, if a defendant can make the required evidentiary showing, the statute establishes a right to liberty that is not simply discretionary but mandatory: the judge shall order the release of the person in accordance with section 3142(b) or (c)." (Internal citations and quotations omitted) U.S. v. Abuhamra, 389 F. 3d 309, 319 (2d Cir. 2004).

### A.    Mr. Calabrese Does Not Pose a Risk of Flight or Danger to the Community

Mr. Calabrese has been released on bond since November 21, 2014.  He has dutifully attended all court dates, including his plea and sentencing, and maintains the requisite contact with his probation officer.  He has strong ties to the community, specifically his wife and two children.  Additionally, Mr. Calabrese has consistently maintained full-time employment and provides financial support for his family.  This Court may recall the numerous letters of support that were submitted on Mr. Calabrese's behalf for his sentencing.  Further, it has been almost one decade since the subject offense, and there have been no allegations that Mr. Calabrese has been engaged in illegal activities

3

or posed a danger to the community.

As Mr. Calabrese does not pose a risk of flight or danger to the community, this Court has permitted Mr. Calabrese to self-surrender to a designated Bureau of Prisons facility.  Consequently, the first requirement for release pending appeal is satisfied. 18 U.S.C. 3143(b)(1)(A).

**B.    Mr. Calabrese's Appeal Raises Substantial Questions of Law and Fact Likely to Result in a New Sentencing**

The Second Circuit Court of Appeals has defined a "substantial question" " as "one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." (Internal citations and quotations omitted) U.S. v. Randell, 761 F. 2d 122, 125 (2d Cir. 1985).  The application of the special skill enhancement, USSG §3B1.3, to Mr. Calabrese is such a question.  Mr. Calabres's principal brief in the matter of U.S.A. v. Calabrese, Doc. #15-2995 has been attached hereto for this Court to review to confirm that Mr. Calabrese is raising a substantial question of law and fact.

As articulated fully in the Defendant-Appellant's brief, Mr. Calabrese did not possess a special skill at the time of the offense. This Court found that a special skill enhancement pursuant to USSG §3B1.3 was warranted based upon Mr. Calabrese's status as a licensed mortgage broker.  At the time of the offense, however, Mr. Calabrese was not a licensed mortgage broker, but rather a loan officer.  As a loan officer, Mr. Calabrese did not possess a special skill.  Further, even assuming *arguendo* that the Second Circuit finds that Mr. Calabrese possessed a special skill at the time of the offense, no special skill was utilized to significantly facilitate the commission or concealment of the offense. Finally, assuming

4

*arguendo* that Mr. Calabrese did utilize a special skill in a manner that significantly facilitated the commission or concealment of the offense, the enhancement may not be applied as the conduct is already included in the base offense level for the fraud itself.

A defendant need not prove that he is likely to prevail on the substantial questions he raises on appeal, for the purposes of granting release pending appeal, a defendant must show only that if he were to prevail, the likely result would be reversal. U.S. v. Randell, 761 F. 2d 122, 124-125 (2d Cir. 1985).  As enumerated in the brief attached hereto, if Mr. Calabrese does prevail, his case would be remanded so that he could be re-sentenced without the application of the special skill enhancement, USSG §3B1.3.

WHEREFORE, for all the afore-stated reasons, the Defendant, Mr. Jason Calabrese respectfully requests that his Court grant his motion for continued release pending appeal.


Respectfully submitted,

this 18th day of December 2015            JASON CALABRESE
                                                    By: */s/ Aaron J. Romano*
                                                    Aaron J Romano, Esq.
                                                    His Attorney, Bar ID #20100
                                                    Aaron J. Romano, P.C.
                                                    55 Woodland Avenue
                                                    Bloomfield, CT 06002
                                                    Tel (860) 286-9026/Fax (860) 286-9028
                                                    AaronRomano@attorneyaaronromano.com

<u>CERTIFICATION</u>

I hereby certify that, on this 18th day of December 2015, the Defendant's Memorandum of Law in Support of Defendant's Motion for Release Pending Appeal was filed electronically and sent by first-class mail, postage prepaid, to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

By:     */s/ Aaron J. Romano*
Aaron J. Romano, Esq. Bar ID # 20100
55 Woodland Avenue
Bloomfield, CT 06002
Tel (860) 286-9026/Fax (860) 286-9028